This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Janet Louise Kolb, nka Langford ("Mother"), appeals the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, which denied her motion to relocate and granted the motion of appellee, Carl Eugene Kolb ("Father"), to dismiss the same motion. This Court affirms.
 I.
{¶ 2} Mother and Father were divorced on November 4, 1998. As part of their judgment entry of divorce, Mother and Father entered into an agreed shared parenting plan concerning the care and custody of their four daughters, Jennifer, Ashley, Nada, and Louise. Part of the shared parenting plan provided that the parties were not to remove the girls from Lorain County or Erie County for residential purposes without first obtaining the permission of the other party and /or permission and leave of court. At the time of the divorce, all four girls were residing with Mother. Sometime thereafter, the two oldest girls, Nada and Louise, began to reside with Father with the consent of Mother. Mother and Father lived under twenty miles from each other.
{¶ 3} On June 13, 2001, Mother filed a motion to relocate with the two youngest girls, Ashley and Jennifer, out of the state. On December 19, 2001, Mother filed an amended motion to relocate with Ashley and Jennifer to anywhere inside the state. On March 4, 2002, Mother filed a second amended motion to relocate with Ashley and Jennifer to Preble County, Ohio and surrounding counties. Father opposed Mother's requests to relocate with Ashley and Jennifer, and filed a motion to dismiss her second amended motion to relocate.
{¶ 4} A hearing was held on the matter on March 18, 2002, after which the trial court denied Mother's second amended motion to relocate and granted Father's dismissal of such motion. It is from the trial court's denial of this motion to relocate that appellant timely appealed and now sets forth two assignments of error for review. Mother's assignments of error will be addressed together for ease of discussion.
 II. FIRST ASSIGNMENT OF ERROR
{¶ 5} "THE TRIAL COURT'S DENIAL OF APPELLANT'S REQUEST TO RELOCATE WHEN THE APPELLEE HAD NOT FILED A MOTION FOR REALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES IS A CONSTRUCTIVE CHANGE IN CUSTODY WITHOUT THE APPELLEE PRESENTING ANY EVIDENCE."
 SECOND ASSIGNMENT OF ERROR
{¶ 6} "THE TRIAL COURT ABUSED DISCRETION WHEN IT SUMMARILY DISMISSED APPELLANT'S MOTION TO RELOCATE."
{¶ 7} In her two assignments of error, Mother argues that the trial court abused its discretion when it dismissed her motion to relocate. Specifically, Mother argues that the trial court's denial of her motion to relocate constituted a constructive change in custody without Father filing a motion for reallocation of parental rights and responsibilities. This Court disagrees.
{¶ 8} When considering a motion to relocate, the trial court's decision whether to grant or deny the relocation request turns on what is in the best interest of the children. Rozborski v. Rozborski (1996),116 Ohio App.3d 29, 31, citing Powe v. Powe (1987), 38 Ohio Misc.2d 5. R.C. 3109.04(F)(1) sets forth a list of relevant factors that the trial court shall consider in determining the best interest of the children. When bringing a motion to relocate before the court, the moving party bears the burden of establishing whether the requested relocation is in the best interest of the children. Rozborski, 116 Ohio App.3d at 31, citing Hauck v. Hauck (Mar. 31, 1983), 8th Dist. No. 44908. See, also,Lockom v. Lockom (Aug.18, 2000), 6th Dist. No. WD-99-053.
{¶ 9} A trial court's application of R.C. 3109.04(F)(1) to the facts of a particular case will not be disturbed on appeal absent an abuse of discretion. Martin v. Martin (Mar.13, 2002), 9th Dist. No. 20567, citing Davis v. Flickinger (1997), 77 Ohio St.3d 415, at paragraph one of the syllabus. An abuse of discretion is more than mere error; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. This Court gives deference to the trial court's findings, understanding that "[t]he knowledge a trial court gains through observing the witnesses and the parties [during a proceeding] cannot be conveyed to a reviewing court by a printed record." Miller v. Miller (1988), 37 Ohio St.3d 71,74.
{¶ 10} In the present case, a hearing was held to consider Mother's motion to relocate, in which the trial court considered the evidence presented by Mother, along with the necessary factors listed under R.C. 3109.04(F)(1). Father filed a motion to dismiss the relocation motion, which the trial court also addressed at the hearing. The trial court denied the relocation request in the following journal entry:
{¶ 11} "Hearing held. Evidence presented by plaintiff. Construing all evidence most favorably to plaintiff, defendant's motion to dismiss the second amended motion to relocate is granted and plaintiff's motion to relocate is denied."
{¶ 12} The trial court also provided findings of fact and conclusions of law, further explaining its determination that Mother's desire to relocate two of the four girls was not in the best interest of the children. It referred to Father's opposition to moving Ashley and Jennifer four hours away from him, their other two sisters, and the rest of their family. Father's concern over being permitted to visit Ashley and Jennifer was addressed due to Mother's past refusal to permit Father to see Ashley and Jennifer. The court noted that, aside from their maternal grandmother, Ashley and Jennifer had no relatives they knew in the area to which they would relocate, whereas Ashley and Jennifer had many friends and paternal relatives in their current area with which they enjoyed close, good relationships.
{¶ 13} The court further noted that Ashley and Jennifer were successful in their current schooling, participated in various extracurricular activities, and had access to recreational facilities in their current home community. It referred to the fact that Ashley and Jennifer currently lived only 14 miles from their father and other two sisters and that if they were to relocate, they would be 210 miles away from each other. The court pointed out that, aside from Ashley and Jennifer witnessing Mother take care of their maternal grandmother, Mother did not provide any evidence that suggested that there would be a benefit to Ashley and Jennifer in moving from their current location. Mother also did not present any evidence regarding any occupational opportunities for either her, or Father, if she and Ashley and Jennifer indeed relocated. After addressing these considerations, the trial court found, from the evidence presented, that the best interests of Ashley and Jennifer would not be served by moving them from their current home. The court specifically stated:
{¶ 14} "[t]he review of [the R.C. 3109.04(F)(1)] factors, and consideration of the evidence presented, results in the conclusion that the Movant, Janet Kolb kna Langford, failed to establish that the best interest of the children would be met by allowing them to relocate to Preble County. The Court, therefore, denied the Motion to relocate."
{¶ 15} After careful review of the record and in light of the best interest factors under R.C. 3109.04(F)(1), this Court cannot find that the trial court abused its discretion when it denied Mother's motion to relocate and dismissed the same.
{¶ 16} Furthermore, Mother's argument that the denial of her relocation motion constituted a constructive change in custody between the parties by the trial court is without merit. The Supreme Court of Ohio has held agreements allocating "parental rights and responsibilities", such as shared parenting plans, are custody and care rights which are governed by R.C. 3109.04. Braatz v. Braatz (1999),85 Ohio St.3d 40, 43. R.C. 3109.04(K)(5) states:
{¶ 17} "Unless the context clearly requires otherwise, if an order is issued by a court pursuant to this section and the order provides for shared parenting of a child, both parents have `custody of the child' or `care, custody, and control of the child' under the order, to the extent and in the manner specified in the order."
{¶ 18} In the present case, Mother and Father agreed to a shared parenting plan and requested the trial court's approval of such. The trial court approved the shared parenting plan and incorporated it into the divorce decree for the parties, effectively giving both parents custody of the four girls. The plan provides that Mother shall be the residential parent of the girls for school enrollment purposes. Moreover, the plan specifically states that "[t]he parties further agree that neither shall remove the minor children from Lorain or Erie Counties for residential purposes without approval of the other party and/or permission and leave of Court."
{¶ 19} The shared parenting plan had not been modified at the time the trial court denied Mother's motion for relocation. Both parties had custody of the girls and the trial court's denial of Mother's relocation motion did not change the joint custody of Mother and Father.[1]
 III.
{¶ 20} Accordingly, Mother's two assignments of error are overruled. The judgment of the trial court is affirmed.
BAIRD, P.J. and WHITMORE, J. CONCUR.
[1] This Court notes that even though the trial court denied her relocation motion on March 18, 2002, Mother decided to move by herself. As a result, the parties submitted a modified shared parenting plan to the trial court on April 2, 2002. The trial court approved the modification, making the Father the residential parent for Ashley and Jennifer for school purposes beginning April 8, 2002. This change occurred after the denial of the relocation motion.